IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBYN BLOMQUIST, an individual,<br><br>           Plaintiff,<br>  v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, doing business in the State of Washington,<br><br>           Defendant. | No. 2:23-cv-920<br><br>Snohomish County Superior Court Cause No. 23-2-03631-31<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §§1332, 1441 AND 1446**<br><br>(Clerk's Action Required) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant American Family Connect Property and Casualty Insurance Company (hereinafter "CONNECT"), hereby removes to this Court, the state court action described below, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446. In support thereof, CONNECT states as follows:

### STATEMENT OF THE CASE

1. On or about May 15, 2023, Plaintiff, Robyn Blomquist ("Plaintiff"), filed a civil action against CONNECT in the Superior Court of the State of Washington for Snohomish County, which was assigned cause number No. 23-2-03631-31.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in Snohomish County Superior Court on May 15, 2023.

3. On or about May 22, 2023, CONNECT was served with the Summons and Complaint. Attached hereto as **Exhibit B** is a true and correct copy of the Office of Insurance Commissioner's Acceptance of Service.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Summons filed May 15, 2023.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Appearance of Rory W. Leid, III and Isabella M. Foxen, dated May 31, 2023.

6. Attached hereto as **Exhibit E** is a true and correct copy of the Snohomish County Superior Court docket as of June 16, 2023.

**COMPLETE DIVERSITY EXISTS**

7. CONNECT is a foreign insurer incorporated in the State of Wisconsin. Defendant CONNECT is licensed to conduct insurance business in the State of Washington. For purposes of determining diversity jurisdiction under 28 U.S.C. §1332, Connect is a Wisconsin resident.

8. In her Complaint, Plaintiff alleges she is a resident of the State of Washington. *See*, **Exhibit A**, ¶1.1. For diversity purposes, Plaintiff is a Washington citizen.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9. The removing Defendant, CONNECT, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

10. The Complaint alleges Plaintiff is entitled to insurance benefits and that her losses greatly exceed the UIM policy limit. *See,* **Exhibit A**, ¶ 7.1. Plaintiff alleges that CONNECT

engaged in bad faith. *See*, **Exhibit A**, pg. 4 – 5. Plaintiff alleges that CONNECT violated the Insurance Fair Conduct Act. *See*, **Exhibit A**, ¶ 8.3.

11. In Plaintiff's Complaint she demands relief in the following:

   a. Judgment against Defendant CONNECT for violations of the Insurance Fair Conduct Act (IFCA);

   b. Judgment against Defendant CONNECT for past, present, future earnings/income and earning capacity;

   c. Judgment against Defendant CONNECT for mental anguish (past, present, and future);

   d. Judgment against Defendant CONNECT for attorney fees and costs;

   e. Judgment against Defendant CONNECT for prejudgment and post judgment interest; and

   f. Such other relief as is just and equitable.

12. In a letter dated November 22, 2022, the Plaintiff alleged a total wage loss of $91,135.94. Plaintiff has demanded the UIM policy limits of $50,000.00. A summary of the amount in controversy is provided below:

| **Allegation** | **Amount** |
| --- | --- |
| Bad Faith | General damages |
| Breach of Contract | $50,000.00 |
| Attorney Fees | $50,000.00 to $100,000.00 |
| Total | $100,000 - $150,000.00 |

The amount provided as "total" includes the policy limit of $50,000.00 and $50,000.00 - $100,000.00 for attorney fees. This figure does not include general damages under bad faith.

13. Where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A reasonable estimate of attorney's fees likely to be expended throughout the entire litigation is properly included within the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Plaintiff is claiming she is entitled to attorneys' fees. *See*, **Exhibit A**.

14. After combining the above damages, attorneys' fees and costs, Defendant has shown by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction has been met. There is no question that Plaintiff seeks more than the jurisdictional minimum of $75,000.00. The jurisdictional minimum may be satisfied by claims for breach of contract, all amounts for which CONNECT is allegedly liable, attorney fees, and exemplary damages. See *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949 (9th Cir. 2001); *Galt v. Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### VENUE REQUIREMENT IS MET

15. Venue in this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United State District Court for the district and division corresponding to the place where the state-court action was pending.

### THE REMOVAL IS TIMELY

NOTICE OF REMOVAL PURSUANT
TO 28 USC §§1332, 1441 AND 1446 - 4

WATHEN | LEID | HALL | & RIDER P.C.
222 Etruria Street
Seattle Washington 98109
Phone: 206-622-0494 Fax: 206-587-2476

16. 28 U.S.C. § 1446(b) provides in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

17. CONNECT was served on May 22, 2023. *See* **Ex. B**. This Notice of Removal satisfies the timing requirements of § 1446(b) because CONNECT has filed this Notice of Removal within 30 days of having been served with the Summons and Complaint. The time for removal does not begin to run until the removing defendant is formally served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).

18. Therefore, this Notice, filed on June 21, 2023, is timely pursuant to 28 U.S.C. § 1446(b).

**FILING OF REMOVAL PAPERS**

19. In Compliance with 28. U.S.C. § 1446(a), attached hereto as **Exhibits A through E**, are true and correct copies of all processes, pleadings, and orders served on or otherwise provided to CONNECT in the Snohomish County Superior Court Case No. 23-2-03631-31, to date:

    A. Complaint filed May 22, 2023;

    B. The Insurance Commissioner's Acceptance of Service dated May 22, 2023; and

    C. Summons, filed May 22, 2023.

    D. Notice of Appearance, filed May 31, 2023

    E. Snohomish County Superior Court Docket as of June 16, 2023

1  20. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be filed with Clerk of the Snohomish County Superior Court of the State of Washington in case number No. 23-2-03631-31 and notice will be provided to Robyn Blomquist, and Dann D. Sheffield, Plaintiff's attorney of record. A copy of that Notice is attached as **Exhibit F**.

21. If any question arises regarding the proprietary of this removal, CONNECT respectfully requests the opportunity to present further briefing and/or oral argument in support of its position that this action is removable.

## CONCLUSION

**WHEREFORE**, CONNECT respectfully requests that the above-captioned action be removed from Snohomish County Superior Court of the State of Washington and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

DATED this 16th day of June, 2023.

WATHEN | LEID | HALL | & RIDER, P.C.

s/ Isabella M. Foxen
Isabella M. Foxen, WSBA #57353

s/ Rory W. Leid
Rory W. Leid, III, WSBA #25075
*Attorneys for CONNECT*
222 Etruria Street, Seattle, WA 98121
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com   ifoxen@cwlhlaw.com

## CERTIFICATE OF SERVICE

On the date given below, I caused the foregoing to be filed using the USDC e-Filing application, and I caused to be served a true and correct *copy* on the following individual(s) in the manner indicated:

| **Counsel for Plaintiff:**<br>Dann D. Sheffield, WSBA #6815<br>Travis C. Sheffield, WSBA #45223<br>5511 Seaview Avenue NW<br>Seattle, WA  98107-3354<br>T: (206) 781 5000<br>info@dds-law.com | **Via Email/E-Service** |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 16th day of June, 2023, at Seattle, Washington.

*s/ Brianna Asman*
Brianna Asman, Legal Assistant
basman@cwlhlaw.com